KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS #158708
epeters@keker.com
ERIC H. MACMICHAEL #231697
emacmichael@keker.com
BAILEY W. HEAPS #295870
bheaps@keker.com
DEEVA SHAH #319937
dshah@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendants
NIXON PEABODY, LLP and
FORREST DAVID MILDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARMORE MANAGEMENT SERVICES, INC., a California corporation; CARL AND BARBARA JANSEN, a married couple, | Case No. |
| | **NOTICE OF REMOVAL** |
| Plaintiffs, | [Removed from Los Angeles Superior Court, Case No. 20STCV32546] |
| v. | |
| NIXON PEABODY, LLP, a New York limited liability partnership; FORREST DAVID MILDER, a married individual, | |
| Defendants. | |

1

1391677

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Nixon Peabody LLP and Forrest
David Milder hereby remove Case No. 20STCV32546, currently pending in the
Superior Court of the State of California, County of Los Angeles, and all claims
and causes of action therein (the "Action"), to the United States District Court for
the Central District of California.  As grounds for removal, Nixon Peabody and
Milder state as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     This Action may be removed under 28 U.S.C. § 1452(a) because it is
"related to" a pending case under Title 11 of the United States Code, 11 U.S.C.
§ 101, *et seq.* (the "Bankruptcy Code").  This Court thus has original jurisdiction
over this Action under 28 U.S.C. § 1334(b).

2.     This Action may also be removed under 28 U.S.C. § 1441(a) because
it arises under the laws of the United States.  This Court thus has original
jurisdiction over this Action under 28 U.S.C. § 1331.

3.     This Court is part of the "district and division" embracing the place
where this Action was filed—in Los Angeles County, California.  *See* 28 U.S.C.
§ 84(c); 28 U.S.C. § 1441(a); 28 U.S.C. § 1452(a); Fed. R. Bankr. P. 9027(a).

<u>**BACKGROUND**</u>

**A.     DC Solar Commits Fraud.**

4.     DC Solar was founded in 2010 and, for nearly all of its existence,
owned and operated out of Northern California by Jeff and Paulette Carpoff.
Compl. ¶¶ 14-16.  DC Solar's business model entailed creating investment funds to
sell mobile solar generators ("MSGs") to sophisticated investors, who would
receive substantial tax benefits from their investment.  *See id.* ¶¶ Preliminary
Statement, 22, 26-27, 40-41.  DC Solar would then lease the MSGs *from* the

NOTICE OF REMOVAL
Case No.
1391677

investment funds and *to* third parties, like arenas and concert venues, from whom DC Solar would collect lease payments. *Id.*

5.      DC Solar created Solarmore to serve as the managing member of some of its investment funds. *See id.* ¶ 23.  Plaintiff Carl Jansen was recruited to hold a membership interest in Solarmore. *Id.* ¶ 21.

6.      Similarly, for some of its transactions, DC Solar retained Nixon Peabody and Milder for the limited purpose of providing an opinion explaining the tax consequence for investors. *Id.* ¶ 29.

7.      In December 2018, however, DC Solar was raided by the FBI and over $60 million in assets were seized. *Id.* ¶ 105.  The Carpoffs and most of the other high-ranking DC Solar employees have since pleaded guilty in the Eastern District of California to wire fraud, money laundering, and similar charges, admitting that they had been operating a Ponzi Scheme. *See, e.g.*, ECF No. 10, *United States v. Jeff Carpoff*, No. 2:20-cr-00017-JAM (E.D. Cal.).  In full, the prosecutions arising out of DC Solar's fraud include:

- *United States v. Jeff Carpoff*, 20-cr-00017-JAM-1 (E.D. Cal.)
- *United States v. Paulette Carpoff*, 20-cr-00018-JAM-1 (E.D. Cal.)
- *United States v. Ronald Roach*, 19-cr-00182-JAM-1 (E.D. Cal.)
- *United States v. Joseph Bayliss*, 19-cr-00182-JAM-2 (E.D. Cal.)
- *United States v. Robert Karmann*, 19-cr-00222-JAM-1 (E.D. Cal.)
- *United States v. Ryan Guidry*, 20-cr-00003-JAM-1 (E.D. Cal
- *United States v. Alan Hansen*, 20-cr-00016-JAM-1 (E.D. Cal)

**B.      DC Solar Declares Bankruptcy**

8.      Shortly after the FBI raid, the DC Solar entities began filing for bankruptcy in the District of Nevada. *Id.* ¶¶ 107-108.  DC Solar's bankruptcies include:

- *In re Double Jump, Inc.*, No. 3:19-bk-50102-gs (D. Nev.)
- *In re DC Solar Solutions, Inc.*, No. 3:19-bk-50130-gs (D. Nev.)

1391677

- *In re DC Solar Distribution, Inc.*, No. 3:19-bk-50131-gs (D. Nev.)

- *In re DC Solar Freedom, Inc.*, No. 3:19-bk-50135-gs (D. Nev.)

9.   The proceedings have since been consolidated and converted from Chapter 11 to Chapter 7.  *See* ECF Nos. 390, 439, *In re Double Jump*, No. 19-50102-gs (D. Nev. Bkr.).

**C.   Solarmore Brings Suit Against DC Solar's Bankruptcy Estate and *Most* of DC Solar's Professional Advisors.**

10.   In late December 2019, Solarmore sought and received permission from the Bankruptcy Court to sue the DC Solar bankruptcy estate and the other entities it believed had caused it harm.  *See* ECF Nos. 1483, 1487, *In re Double Jump, Inc.*, No. 19-50102-gs (Bankr. D. Nev.).

11.   Solarmore then filed suit in the Eastern District of California, before the same judge who had presided over the DC Solar criminal proceedings.  *See Solarmore Mgmt. Svc., Inc. v. Bankruptcy Estate of DC Solar Solutions, Inc. ("Solarmore 1")*, No. 2:19-cv-02544-JAM-DB (E.D. Cal. filed Dec. 17, 2019) (Mendez, J.).

12.   In addition to suing the "core defendants," which include various DC Solar corporate entities, the Carpoffs, their children, and some of their associates, *see* ECF No. 1 ¶¶ 7-24, *Solarmore I*, Solarmore named as defendants various entities, including another fund managing member, appraisers, brokers, accountants, tax service providers, and bankers, that it believed had aided and abetted DC Solar's fraud, *id.* ¶¶ 25-53.  Solarmore catalogued the role it believed Nixon Peabody had played in DC Solar's operation, but elected not to sue Nixon Peabody in that action, *see id.* ¶¶ 145, 162, 262.

**D.   Solarmore Brings This Separate Action Against Nixon Peabody.**

13.   Instead, Solarmore waited nearly a year before filing this action, parroting many of the same allegations as it set forth in *Solarmore I*, against Nixon Peabody and Milder, a partner in the firm, in Los Angeles County Superior Court,

1391677

*see Solarmore v. Nixon Peabody ("Solarmore II")*, No. 20STCV32546 (L.A. Super. filed Aug. 26, 2020).

14.     Nixon Peabody and Milder had previously been sued in Los Angeles Superior Court by some of DC Solar's investment funds. *See Solar Eclipse Fund III LLC et al. v. CohnReznick LLP et al.*, No. 19STCV45775 (L.A. Super. filed December 17, 2019).  That case remains pending.

15.     In this matter, counsel accepted service on behalf of Nixon Peabody and Milder on October 5, 2020.  Defendants subsequently filed a Notice of Related Case and a Complex Case Counter Designation on October 20 and October 21, respectively.  No motions are pending in Superior Court; Nixon Peabody and Milder have not answered; and the parties have not exchanged any discovery.

## TIMELINESS OF REMOVAL

16.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Rule 9027(a)(3) because it is being filed within thirty days after Nixon Peabody was served with the Complaint on October 5, 2020.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(a)

17.     Removal is proper under 28 U.S.C. §§ 1452(a) and 1334(b) because the Action is "related to" DC Solar's pending bankruptcy proceeding.

18.     "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).  Section 1334, in turn, confers subject matter jurisdiction upon this Court to hear all civil proceedings that are "related to cases under title 11," the Bankruptcy Code.  28 U.S.C. § 1334(b).

19.     This Court has original jurisdiction over this action under 28 U.S.C. § 1334(b), and this Action may thus be removed to this Court under 28 U.S.C. § 1452(a), because the Action is "related to" the ongoing bankruptcy proceeding. "A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every

matter directly or indirectly related to the bankruptcy." *In re Sasson*, 424 F.3d 864, 868–69 (9th Cir. 2005) (internal quotation marks omitted). "[T]he proceeding need not necessarily be against the debtor or against the debtor's property." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (internal quotation marks omitted).

20.    Solarmore has already conceded that its litigation efforts are related to DC Solar's ongoing bankruptcy. In *Solarmore I*, filed only with the Bankruptcy Court's permission, *see supra* ¶ 10, Solarmore has pressed various state law claims nearly identical to those raised here, like negligence and professional malpractice, against many of DC Solar's other professional advisors on the theory that Solarmore's claims against those entities arise from the same case or controversy as the claims against the bankruptcy estate, *see* ECF No. 1 at ¶ 73, *Solarmore I*. And Solarmore has asserted that federal subject matter jurisdiction over that action is proper under 28 U.S.C. § 157, which addresses federal jurisdiction over "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." *See id.* ¶ 74.[1] Given the similarity of the claims in the two cases, Solarmore cannot maintain that this action is any less related to the ongoing bankruptcy proceeding than is its federal action.

21.    Specifically, this Action is "related to" DC Solar's pending bankruptcy proceeding because it could "conceivably have an[] effect on the estate being administered in bankruptcy" in at least three ways. *In re Fietz*, 852 F.2d at 457.

22.    ***First***, while Nixon Peabody and Milder dispute any wrongdoing, if Solarmore were to prevail here, the bankruptcy estate may be entitled to a portion of any recovery. As set forth above, Solarmore was created in November 2013 by Jeff Carpoff, who was at the time the President of DC Solar Solutions, Inc. and had

---

[1] Section 157 specifically addresses the division of labor between federal district courts and bankruptcy courts where jurisdictional is based on 28 U.S.C. § 1334(b), which is likely the statutory provision Solarmore intended to cite in the jurisdictional portion of its Eastern District of California complaint. *See, e.g.*, *In re Kashani*, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995).

1391677

also recently founded DC Solar Distribution.  Compl. ¶¶ 15-20.  At the time of Solarmore's founding, Carpoff held a 79 percent membership interest in the company and Carl Jansen, a Plaintiff here, held the remainder.  *Id.* ¶ 21.  Jansen did not become the 100 percent owner of Solarmore until more than a year later.  *Id.* ¶ 76.  Yet Plaintiffs seek damages, at least in the form of legal fees and taxes paid, dating back to Solarmore's inception.  Thus, for any damages attributable to the time period during which he held an interest in Solarmore (and there should be none), Carpoff would be entitled to some of Plaintiffs' recovery, which would in turn at least arguably be property of the DC Solar bankruptcy estate.  *See, e.g.*, *In re Bonham*, 229 F.3d 750, 767 (9th Cir. 2000).

23.  ***Second***, Solarmore's claims against the bankruptcy estate may be reduced by any recovery here (which of course Nixon Peabody and Milder maintain there should not be).  Solarmore is a creditor in the DC Solar bankruptcy proceeding.  *See* Official Form 410 Proof of Claim by Solarmore Management Services ("Solarmore Proof of Claim"), Claim 43-1, *In re Double Jump, Inc.*, No. 19-50102-gs (Bankr. D. Nev.).  But if some or all of Solarmore's losses were to be recovered in this action, Solarmore's claims against the bankruptcy estate—and the claims it presses in the related litigation pending in the Eastern District of California—may be reduced in kind.  *Senorx, Inc. v. Coudert Bros., LLP*, No. C-07-1075 SC, 2007 WL 1520966, at *2 (N.D. Cal. May 24, 2007).  For example, Solarmore represented in bankruptcy filings that, once the "negative tax consequences to Solarmore from the fraud of the DC Solar entities . . . are clarified," they "will be included in an amended proof of claim."  Solarmore Proof of Claim at 6.  Solarmore seeks the same damages here too.  Compl. ¶ 110.

24.  ***Third***, in light of DC Solar's undisputed role in Solarmore's losses, Nixon Peabody and Milder may assert as an affirmative defense that DC Solar was contributorily negligent and file a cross complaint for equitable indemnity to force DC Solar—and the bankruptcy estate—to pay its fair share of any judgment.  *See*

7

*Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1197 (1988); *Paragon Real Estate Grp. of San Francisco, Inc. v. Hansen*, 178 Cal. App. 4th 177, 183 (2009). Likewise (or alternately), if Nixon Peabody and Milder are found liable here (they should not be), they may seek indemnification by DC Solar, which—if successful—would reduce the DC Solar bankruptcy estate. *See In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 2:08-MD-1919 MJP, 2009 WL 3711614, at *2 (W.D. Wash. Nov. 2, 2009). Either course at least threatens to deplete the bankruptcy estate.

## **REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1441(a) and 1331**

25.    Removal is also proper under 28 U.S.C. §§ 1441(a) and 1331 because the Action arises under the laws of the United States.

26.    State law claims, like those pleaded here, "arise[] under the laws of the United States" where they "raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Plaintiffs' Legal Malpractice Claim (Count V), although brought under California law, places squarely at issue Nixon Peabody's interpretation and application of the federal Internal Revenue Code.

27.    Plaintiffs allege that Nixon Peabody breached a duty to Plaintiffs by incorrectly asserting in Tax Opinion letters that Solarmore would be eligible for tax credits under Internal Revenue Code § 48, 26 U.S.C. § 48. *See* Compl. ¶¶ 29, 32-36, 150, 158. The Complaint alleges that Nixon Peabody learned that its tax advice was erroneous in the course of a 2013 audit by the federal Internal Revenue Service ("IRS"), but that Nixon Peabody continued to issue opinions containing the allegedly incorrect federal tax advice. Compl. ¶¶ 65-69.

28.    Plaintiffs claim that, because of Nixon Peabody's allegedly improper advice regarding federal tax law, Plaintiffs paid "at least one million dollars of

penalties and interests to the IRS, which Nixon and Milder determined would be avoided because of the Tax Credits for the benefit [of] Solar Management." Compl. ¶¶ 110.

29.    Nixon Peabody and Milder disagree with Plaintiffs that the federal tax advice set forth in their opinion letters was incorrect and vigorously dispute the allegations of professional malpractice.  If Defendants are correct that they properly interpreted and applied the Internal Revenue Code, Plaintiffs' malpractice claim necessarily fails.  A question of federal law is thus raised and disputed in this action. *Grable*, 545 U.S. at 314.

30.    That question is also substantial.  As the Supreme Court has held, "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court."  *Id.* at 315.  And exercising federal jurisdiction in cases such as this, where a narrow question of federal tax law is dispositive, "portend[s] only a microscopic effect on the federal-state division of labor."  *Id.* at 316.

31.    Insofar as Plaintiffs raise additional claims for relief that do not arise under the laws of the United States, this Court may exercise supplemental jurisdiction, as Plaintiffs' remaining claims "form part of the same case or controversy."  28 U.S.C. § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

32.    Nixon Peabody and Milder state that the claims asserted against them are non-core within the meaning of 28 U.S.C. § 157(b)(2).  As required by Rule 9027(a)(1), Nixon Peabody and Milder state that they do not consent to the entry of final orders or judgment by the Bankruptcy Court.

33.    Pursuant to 28 U.S.C. § 1446(a), Nixon Peabody and Milder have attached hereto as **Exhibit TK** "a copy of all process, pleadings, and orders served upon [it] in [this] action."

NOTICE OF REMOVAL
Case No.

34.     Under 28 U.S.C. § 1446(d), Nixon Peabody and Milder will serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy with the Clerk of the Superior Court, County of Los Angeles.  Attached hereto as **Exhibit TK** is a copy of a Notice of Filing of Notice of Removal, which will be filed with the Clerk of the Superior Court of California, County of Los Angeles.

35.     Counsel for Nixon Peabody and Milder signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

## DEMAND FOR JURY TRIAL

36.     Nixon Peabody and Milder demand trial by jury on all issues appropriate for jury determination.

## CONCLUSION

37.     This Court has original jurisdiction over this Action under 28 U.S.C. §§ 1334(b) and 1331, and this Action is removable under 28 U.S.C. §§ 1452(a) and 1441(a).

Dated: November 3, 2020                    KEKER, VAN NEST & PETERS LLP


By:  *s/ Eric H. MacMichael*
     ELLIOT R. PETERS
     ERIC H. MACMICHAEL
     BAILEY W. HEAPS
     DEEVA SHAH

     Attorneys for Defendants
     NIXON PEABODY, LLP and
     FORREST DAVID MILDER

10

1391677